### J. LEVERETT PIERCE *vs.* THEODORE P. GITTENS, EXECUTOR.

Second Judicial District, Norwich, May Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Conclusions of fact drawn by the trial court from conflicting evidence, or depending upon the degree of credit to be given to witnesses, will not be reviewed by this court upon appeal.

The evidence in the present case summarized and *held* to afford a sufficient basis for the conclusions of fact stated in the finding.

Where a finding of fact is based upon or necessarily determined by a presumption or conclusion of law, the losing party is entitled to have this presumption or conclusion so stated in the finding as to enable him to seek a review by appeal. The record must, however, disclose the materiality of the ruling requested, otherwise the appellant will not be permitted to complain of the omission of the trial court to pass upon it.

Argued June 2d—decided August 1st, 1899.

ACTION to recover damages for the negligence of the defendant's testator, an attorney at law, whereby the plaintiff was

prevented from collecting the amount of a promissory note for $1,500, brought to the Superior Court in New London County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The defendant is the executor of Charles Perrin, late of Stonington, who in his lifetime was an attorney at law practicing in the village of Westerly. The plaintiff claimed that he was the holder and owner of a certain note for the sum of $1,484.14, dated April 29th, 1891, made by G. C. Bailey, payable to the order of Maria E. Ripley one year from date, and indorsed by the said Ripley; that the said Charles Perrin, whom he had consulted as such attorney, having the said note in his hands after it had been signed and indorsed as aforesaid, altered it by writing in the words "with interest," after the words denoting the amount of the note, without the knowledge or consent of the said maker or the said indorser, whereby the said note was made invalid and the sum therein named was lost to him, the plaintiff, and that by reason of the facts the plaintiff was entitled to recover of the estate of the said Charles Perrin the amount of said note with the interest thereon.

The defendant insisted that whatever the said Charles Perrin did in respect to the said note was done by him "with the knowledge, at the request, and with the approval of the plaintiff, and upon the representation to him by the plaintiff that it was understood he should do the same, and subsequently with a full knowledge of all the facts the plaintiff approved and confirmed, in the lifetime of the said Perrin, all that said Perrin had done" in and about said note.

The finding of facts, so far as it is necessary to recite it, is this: —

"3. In July, 1889, the plaintiff purchased of one Bailey, a tract of land in Texas, and shortly before April 29th, 1891, he agreed to reconvey the land to Bailey for the amount which he had paid Bailey therefor, with interest from the date of such payment, and to take said Bailey's note for the amount

to be paid, indorsed by one Maria É. Ripley of Stonington and payable one year from date at the Washington National Bank of Westerly. 5. On the 29th day of April, 1891, he went to the office of said Perrin and requested him to draw a deed of conveyance of said land from him, the plaintiff, to said Bailey. Said Perrin prepared the deed and the same was duly executed by the plaintiff at the office of said Perrin. 6. At the same time the plaintiff requested Perrin to prepare a note, leaving the amount to be paid blank to be filled in by the parties whenever it should be signed, but in other respects ready for signature by said Bailey and indorsement by said Ripley, payable to the order of Maria E. Ripley one year from its date at the Washington National Bank of Westerly. 7. Said Perrin prepared such a note and the plaintiff took the same and said deed and left the office, Perrin saying to him as he left, ' When you have straightened up with Bailey come in and see me.' 8. The plaintiff went immediately to Bailey, where the amount to be inserted in said note was computed and the amount, $1,484.14, was inserted in the note by the plaintiff who then gave the note to said Bailey that he might sign the same and obtain the indorsement of Mrs. Ripley and have the same ready for delivery upon the delivery of the deed at a subsequent day. 9. By mistake interest was computed by the plaintiff and Bailey to the date of the note instead of the day of payment thereof. This mistake was discovered by Bailey before the delivery of the note by him to the plaintiff, hereafter mentioned. When it was discovered by the plaintiff did not appear in evidence, but it did appear that he discovered it prior to a transaction between him and Perrin hereafter stated in paragraph 11. 10. Within a few days after the plaintiff left said note with Bailey, they met and the plaintiff delivered to Bailey the deed aforesaid and Bailey delivered to him the note properly signed by himself (Bailey) and indorsed by Mrs. Ripley in blank. 11. Shortly afterwards the plaintiff called upon Mr. Perrin at his office and handed him the note and told him that there was a mistake about it; that it was agreed that it should be with interest, and wanted him to change it. Perrin, who was

busy at the time writing at his desk, took the note and inserted the words 'with interest,' and handed it back to the plaintiff saying to him in reply to the question whether it was all right, ' Yes, that is all right.' 12. This change was made without the knowledge or consent of either the maker or indorser of said note, but said Perrin did not know that fact and understood they had agreed to the change."

The court found the issues for the defendant and for the defendant to recover costs. The plaintiff appealed to this court.

*Frank T. Brown* and *Albert B. Crafts,* for the appellant (plaintiff).

*Solomon Lucas* and *Hadlai A. Hull,* for the appellee (defendant).

ANDREWS, C. J. All the reasons following the sixth are founded upon errors alleged to have been made by the trial court in finding or refusing to find certain facts upon conflicting evidence, and in the degree of credit to be given to witnesses. Under such circumstances the finding as made must remain unchanged. *Atwater* v. *Morning News Co.,* 67 Conn. 504; *Thresher* v. *Dyer,* 69 id. 404; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.,* 70 id. 516.

The seventh reason of appeal is this: "The court erred in finding, upon the evidence certified and on file, that the plaintiff told Perrin that there was a mistake about the note; that it was agreed that it should be with interest and wanted him to change it, as stated in paragraph 11 of the finding." And the eighth reason is this: "The court erred, upon the evidence certified and on file, in finding as stated in the following words at the end of paragraph 12: 'But said Perrin did not know that fact and understood they had agreed to the change.'"

These two reasons of appeal are based on the claim that these facts are found without any supporting testimony, and may be considered in connection with the first, second and third reasons as well as with the fourth, fifth and sixth.

These reasons differ little more than that each presents a different aspect of the same thing, and they all depend upon the answer to one question: Did the trial court err in finding that Mr. Perrin understood that the maker and the indorser of the note had agreed that the words which he wrote in the note should be in it? It appears that Mr. Perrin did write the words "with interest" in the note after it was signed and indorsed. Granting that these words made a material change, such as to render the note invalid unless the maker and indorser had consented that they should be in it, yet if Mr. Perrin wrote in the words upon the understanding that the maker and indorser had agreed that those words should be in it, and was made so to understand by the plaintiff, then Mr. Perrin did nothing of which the plaintiff could rightfully complain at the time, nor did he do anything for which the plaintiff can now recover damages from his estate. The finding is distinct that Mr. Perrin did act upon this understanding, and so the question is presented directly: Is their any testimony supporting the finding of facts as set forth in the 11th and 12th paragraphs? A summary of the evidence sufficient to reproduce the interview between the plaintiff and Mr. Perrin at which the words were written in, will show.

Sometime prior to the time of the interview (July 15th, 1889), the plaintiff had bought a tract of Texas land from one George C. Bailey, and had paid him therefor. Somewhat later (April 29th, 1891) Mr. Bailey bought back the land from the plaintiff and was to return to him the same sum of money which the plaintiff had paid, with interest thereon from the time of that payment. The plaintiff had agreed to accept in payment his, Mr. Bailey's, note payable a year from date, to be indorsed by Mrs. Ripley, and Mrs. Ripley had agreed to indorse such a note. This agreement made it necessary that the note should be so written that at its payment the plaintiff would receive back his money with interest thereon up to the time the note was paid. The plaintiff had employed Mr. Perrin to prepare a deed of the land from him to Mr. Bailey, and to prepare a note to be signed by Mr. Bailey

and indorsed by Mrs. Ripley. The sum for which the note was to be made payable was not put in; the space was left blank; the sum was to be computed by the plaintiff and Mr. Bailey and then was to be written in by one of them. The plaintiff took the deed and the blank note from Mr. Perrin's office, and a day or two thereafter met Mr. Bailey, when the note was filled out, signed and indorsed. The plaintiff delivered the deed to Mr. Bailey and received the note.

The plaintiff and Mr. Bailey, in filling out the blank in the note, by mistake computed the interest only to the date of the note and wrote in that amount; and as there were no words in the note indicating that it was to bear interest, it did not carry out the agreement which the parties had made. The note so written did not pay the plaintiff for his land as much as Mr. Bailey and Mrs. Ripley had agreed that he should be paid. The plaintiff discovered this mistake in the note very soon, and a day or two later came again to the office of Mr. Perrin bringing the note. He showed it to Mr. Perrin, called his attention to the fact that by mistake the interest was computed only to the date of the note, mentioned that by the agreement there was another year's interest due, and wanted that amount added to the note. Mr. Perrin was sitting at his desk with his pen in his hand. He had been writing. He knew from his previous talks with the plaintiff about the business, what the agreement was in respect to the interest which the plaintiff had made with Mr. Bailey and Mrs. Ripley, and to carry out the wish of the plaintiff he wrote in the note as it lay before him on his desk, the words "with interest," as already stated. The plaintiff saw Mr. Perrin write these words in the note. He then took it from the desk and asked Mr. Perrin if that was right. Perrin replied, "Yes, that is all right." The plaintiff took away the note and kept it until its maturity.

This evidence certainly indicates that the thought then in the mind of the plaintiff, and upon which Mr. Perrin acted, was not to change a completed note but to complete the note; to make that note to be exactly what the parties had agreed that it should be. This evidence also indicates that Mr. Per-

rin did no more than what he understood, and had reasonable ground for believing, the parties had agreed to; and makes it certain that the court did not reach the conclusions stated in its finding without any evidence.

Certain of the errors assigned are in the refusal of rulings upon abstract propositions of law: as that the plaintiff was not presumed to know that the alteration of the note would avoid it as respects the indorser. The ground of appeal as respects each is not that the claim of law was overruled, but simply that no ruling at all was made upon it.

Where a finding of fact is based upon or necessarily determined by a presumption or conclusion of law, it is the right of the losing party to have this presumption or conclusion so stated in the finding as to enable him to seek a review by appeal. But there is nothing in the record of this cause to indicate that the trial court had any occasion to rule upon the questions which the appellant now seeks to raise.

If the plaintiff authorized or assented to the alteration made by the defendant's intestate, it would be, of itself, an immaterial circumstance whether he understood its legal consequences or not. That could only be important as a factor in determining whether he did thus assent, and it does not appear that the court below found it necessary to pass upon it, in coming to its decision. If this was so, the burden of seeing that the record disclosed the fact was upon the appellant.

There is no error.

In this opinion the other judges concurred.