His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
This is a suit for a balance of account due for advances made by plaintiff to defendant in 1913 for the cultivation and harvesting by the latter of a rice crop during that year. The only contested item of the account is one of $133.87, being a commission of 2 1-2 per cent which, in addition to the conventional interest of 8 per cent, is charged upon the amount of said advances. This item was stricken from the account by the trial Court and plaintiff seeks by this appeal to have it reinstated.
*370 The record discloses that a detailed account of these advances was rendered to and received by defendant in October, 1913, and that it was not until the answer was filed in this proceeding, nearly two years later, that defendant challenged its correctness. Moreover, the unoontradicted testimony, corroborated 'by defendants’ letters, establishes that defendants agreed to pay the balance shown thereon to be due and simply requested the indulgence of time within which to do so.
Under such circumstances the account became an “account stated,” the equivalent of an acknowledgment and settlement between the parties.
James vs. Fellows & Co., 20 A., 116.
Blanc vs. Scruggs, 26 A., 208.
Robinson vs. Day, 7 A., 201.
Bloom vs. Kerns, 30 A., 1263.
Sentell vs. Kennedy, 29 A., 679.
Allen vs. Nettles, 39 A., 790.
Flower & King vs. O’Bannon, 43 A., 1043.
Leeds & Co. in Liquidation, 49 A., 501.
Danneman & Charlton vs. Charlton, 113 La., 287.
It is now too late to entertain the charge that any item of the account is usurious. Any complaint on that score should have been urged within the year after the account had attained the dignity of an “account stated.”
Allen vs. Nettles, supra.
Flower & King vs. O’Bannon, supra.
Leeds & Co., in Liquidation, supra.
Danneman & Charlton vs. Charlton, supra.
The judgment is accordingly amended and to that end it is now decreed' that it be increased in principal to the *371 sum of $172.40 'and as thus amended it is affirmed at defendants’ costs in both Courts.
Opinion and decree, May 8th, 1916.
Rehearing refused, June 26th, 1916.
Amended.