### No. 9341.

| 39 | 223 |
|----|-----|
| 113 | 282 |

PRESIDENT AND BOARD OF CHURCH WARDENS OF THE CONGREGATION OF THE ROMAN CATHOLIC CHURCH OF THE PARISH OF ASCENSION vs. RIGHT REV. N. J. PERCHÉ, BISHOP, ET AL.

Under the *ex parte* showing made by affidavits by the appellees, that the judgment appealed from has been acquiesced in by the appellants, the case is remanded for the purpose of adducing proof of that fact.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel*, J.

*R. N. Sims* and *E. N. Pugh* for Plaintiffs and Appellees.

*St. M. Bérault* for Defendants and Appellants.

The opinion of the Court was delivered by

WATKINS, J.   Plaintiffs and appellees move to dismiss this appeal on the ground that the defendants and appellants have acquiesced in the judgment.

It was signed on the 13th of December, 1884.

In the opinion of the judge *a quo* it is stated that plaintiffs claim, in their corporate capacity, to represent the Catholic inhabitants of the parish of Ascension, who owned, long prior to the charter of 1877, the property known as the "Church property." That the Roman Catholic Congregation of that parish was incorporated by an act of the legislature, approved on the 18th of February, 1817, and which was subsequently renewed and finally expired by limitation on March 1, 1881; but it was again incorporated by notarial act on the 12th of February, 1883, and assumed control and administration of the common property.

They averred the nullity of the action of the *then* Church Wardens, and their transfer by notarial act to the defendants of the administration of the church property and its revenues, and enjoined both the bishop and his curate from interfering with their administration of said property.

Notwithstanding defendants urged the nullity of the act of incorporation of February 12, 1883, their demand was rejected and the act sustained, and the plaintiffs' right of administration of the Church property and its revenues recognized and enforced.

The appellee's motion to dismiss contains the following statement of facts as establishing appellant's acquiescence in the judgment appealed from:

That on the 9th of February, 1885, an agreement in writing, was entered into by the Right Rev. F. X. Leray, Bishop, and the Curate of the Catholic Church of Ascension, on the one part, and the Board of Church Wardens of the Congregation of the Roman Catholic Church of Ascension—plaintiffs herein—wherein it was agreed that a fixed proportion of the revenues of the congregation should be applied to the payment of the curate and his assistant, and that the remainder of said revenues shall be under the administration of the said Board of Church Wardens, to meet the other expenses of the Church and congregation; and that said agreement has been faithfully carried out by them.

They further represent that said curate has participated actually in the deliberations, and at the meetings of said Board of Church Wardens, as organized under their charter of 1883, and with the knowledge and approval of said Bishop.

That, during the year 1886, the said curate, with the knowledge of said bishop, purchased and, with the active co-operation of said Board of Church Warden, erected a building for a school for children and a

residence for teachers, selected by said curate and said bishop, on the lands of said congregation, towards which a considerable sum of money was contributed by them.

And that, on various other grounds and in various enumerated ways, the authority of plaintiffs has been fully recognized over said church property and its revenues by said curate and said bishop.

Of these averments there is no proof in the record, except the appellee's *ex parte* affidavit; but we think the showing made entitles them to have the case remanded for the purpose of supplying the proof of same.

It is therefore ordered that this case be and the same is hereby remanded to the court *a qua* for the purpose of enabling the parties to adduce proof on plaintiffs and appellees' motion to dismiss on the ground of acquiescence in the judgment appealed from.

Cause remanded.