No. 1,221.

H. WARE vs. A. M. MORRIS.

| 41 | 647 |
| 113 | 282 |

On a motion to dismiss an appeal on grounds of abandonment of former appeal and acquiescence in and voluntary execution of judgment, this court will not determine the question on *ex parte* affidavits filed first in this court in absence of admission of their truth by the appellant, but will remand to the lower court in order that evidence may be there taken contradictorily on the question and a record thereof returned to this court for its final action thereon.

APPEAL from the Sixth District Court, Parish of Morehouse.
Ellis, J.

---

*Bussey & Naff* for Plaintiff and Appellee.

*C. J. & J. S. Boatner* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J.  A motion is made to dismiss this appeal on the ground that appellant, N. S. Greenwood, has acquiesced in, and voluntarily executed the judgment appealed from.   C. P. 567.

The motion is supplemented by affidavits to the effect that, after the rendition of the judgment in May, 1887, the then attorney of appellant applied for and obtained an order of appeal; that he advised appellant of the judgment and inquired whether the appeal should be prosecuted; that he received a reply in writing, leaving the matter entirely to him, and saying: "If you think there is a chance to reverse, of course I want to go up — if not, let her slide;" that the attorney, believing there was no chance to reverse, abandoned the appeal; that the agent, representing the appellant in the management of the property recovered by plaintiff under the judgment, being advised by appellant's attorney that the judgment was final and the litigation ended, turned the property over to plaintiff and directed the tenants to pay to him, which they have since done; that appellant has not since called for rents or complained at not receiving them; and that, subsequently, plaintiff, thus advised and believing that the appeal was abandoned, and the judgment acquiesced in, had sold and delivered the property to a third person who is now in possession.

Unless these affidavits can be rebutted or conclusively explained away, it seems clear that appellant's right of appeal is lost.

While no contrary affidavits are presented in behalf of appellant, yet as he is a non-resident of the State, we cannot treat his silence as admitting the truth of those filed, and we must follow the usual rule in such cases by remanding the case in order that the questions of abandonment and acquiescence *vel non* may be tried contradictorily between the parties.  N. O. City R. R. Co. vs. C. C. R. R. Co., 33 Ann. 1278, and authorities there cited.

It is, therefore, ordered that the case be remanded to the lower court with instructions to the judge to hear evidence on the questions of abandonment and acquiescence and to send up the record thereof according to law.