Statement of the Case.
NICHOLLS, C. J.
The plaintiffs brought suit against the defendant, claiming that certain movables which Charles H. Charlton, Jr., had placed in the possession of the defendant to secure, by way of pledge, an indebtedness which he owed him, had been sold and transferred to them, with subrogation of all the pledgor’s rights against the pledgee; that, though the indebtedness had been fully paid, the defendant denied such to be the fact; that defendant should render an account, showing the situation; that in due course they have judgment in their fawor, decreeing them to be owners of the property, and ordering the defendant to make delivery of the same to them.
On their prayer, an injunction issued, enjoining the defendant from disposing of the pledged property.
Their demand was based upon an instrument which they produced in court, and of which the following is an extract:
“I this day sell and deliver to Dannenmann & Charlton the following property and subrogate them to all my rights against Charles IT. Charlton and the Columbus Debenture Company [here follows a list of movables], being the same articles,” etc., “now held in pledge by Charles H. 'Charlton to secure various loans made by him to me, and on which a small balance may be due.
“The consideration of this sale is Fifteen Hundred Dollars cash paid me and the assumption by them of any balance still due Charles H. Charlton.
“In addition to the foregoing Dannenmann & Charlton agree to hold me harmless if any legal proceedings are necessary by them to recover the property.”
The defendant, after filing a number of exceptions, answered, under reservation of the same, pleading a general denial. He prayed that plaintiffs’ demand be rejected, and that the injunction which had issued be set aside, with $350 damages.
He filed subsequently an amended and supplemental answer, in which- he averred *279 that Charles H. Charlton, Jr., was indebted to him in manner and form and to the amount which he set out; that the plaintiffs, under their assumption in the instrument upon which they had declared, were also indebted to him for the amount stated. As plaintiff in reconvention, he prayed for judgment against them accordingly.
The district court rendered judgment against the plaintiffs, rejecting their demands, and setting aside the injunction they had obtained, and dismissing their suit. It rendered judgment in favor of the defendant upon his reconventional demand against the plaintiffs for a certain amount, with interest from various dates, subject to certain credits. It set aside, however, a certain transfer to himself which the defendant had made of some of the properties pledged, and decreed the plaintiffs to be the owners of the same, subject to defendant’s right of pledge, as securing the indebtedness to him of Charles H. Charlton, Jr.
The plaintiffs appealed.
In this court appellants have suggested to us: That, upon the same day that the judgment appealed from was rendered against them (the 30th of June, 1902), they applied for and obtained, on motion, an order for a suspensive appeal to this court from that judgment to the Supreme Court. That they had perfected the same by proper legal bond, and had lodged the transcript of appeal in the appellate court.
That, notwithstanding said appeal, which suspended the effect and execution of the judgment, the appellee did on the 31st of October obtain a certified copy of the said judgment, and on the same day had the recorder of mortgages for the parish of Orleans to register the same in the books of record for the parish, the legal result of said register being to burden all of their property with a mortgage, and to that extent to execute the judgment.
That the bond given by them was ample, being the Fidelity & Deposit Company of Maryland. That the authority of the said company and its perfect solvency had not been questioned by the judgment creditor. That a judgment suspensively appealed from, and yet pending undetermined in' the Supreme Court, is not a final judgment, within the contemplation of law, for the purpose of registry on execution.
That the judgment creditor was without legal right to obtain the certified copy for the purpose of registering it or to register it, and that the recorder of mortgages was without legal right to so register it while the same was suspe’"'vely appealed from.
Basing themselves upon these allegations, they applied to this court for a rule upon the appellee and the recorder of mortgages to show cause why they should nor be ordered to erase and cancel the inscription of said judgment, and with the reservation of the right of applicant to recover such damages as they may have sustained in the premises by reason of said act.
This application having been notified to the appellee and to the recorder of mortgages, they have each appeared in this court and excepted to its jurisdiction to issue the rule asked for, on the ground that the rule is in the nature of an original proceeding, and, in order to obtain relief, it will be necessary for applicants to offer and introduce evidence which, they would have the right to rebut by evidence either oral or documentary; that they are entitled to a trial in a court of original jm’isdiction, with the right to appeal from the judgment if such judgment be adverse to them; that, even if this exception be not tenable, their application discloses no legal l’ight or cause of action.
In the event of the exception being overruled, they urged their right hereafter to make answer to the rule.
The recorder specially urges that he is a ministerial officer, and w required by law to record whatever was brought to his office, *281 and could not and should not, under any circumstances, be held to pay the costs of this proceeding.
Opinion.
The only question before the court for the present is that raised by the exceptions urged against the granting of this application for the reason that this court is without jurisdiction in the premises. Appellant refers the court to article 85 of the Constitution of 1898, declaring that the Supreme Court “shall have such original jurisdiction as may be necessary to enable it to determine questions of fact, affecting its own jurisdiction, in añy way pending before it, or it may remand the cause.”
The recorder of mortgages refers the court to article 3381 of the Civil Code, to the effect that the party seeking a decree ordering the erasure of a judicial mortgage must make application “to the judge who rendered the judgment.”
Article 130 of the Code of Practice declares that:
“All judges possess the powers necessary for the exercise of the respective jurisdictions though the same be not expressly given by law.”
This court has been repeatedly called upon to take action in different forms and methods in aid of its appellate jurisdiction — sometimes by way of prevention, by supersedeas or prohibition, sometimes by way of enforcement. Decisions bearing upon that subject will be found in the different digests under the heading of “Appeal,” subdivision “Of the Effect of Appeal,” and “Appeal,” subdivision “As Affected by the Confession or Execution of the Judgment and Renunciation of the Right”
In doing this, we have either acted at once upon evidence submitted to us, or have referred the question back to the district court to try the issue raised, or to take testimony and transmit the testimony back to us for action. White v. Ramsey, 14 La. Ann. 329; Board of Church Wardens v. Perche, 39 La. Ann. 223, 1 South. 543; Id., 40 La. Ann. 202, 3 South. 542; Ware v. Morris, 41 La. Ann. 647[1]; New Orleans City Railroad v. Crescent City Railroad, 33 La. Ann. 1273; City of New Orleans v. Bank, 44 La. Ann. 698, 11 South. 146; State National Bank v. Lanaux, 46 La. Ann. 467, 15 South. 59; Brown v. Haynes, 46 La. Ann. 1230, 15 South. 638; Drew v. Creditors, 49 La. Ann. 1641, 22 South. 956.
The clause in article 85 of the present Constitution to which appellant refers simply places beyond question, by constitutional recognition, our authority in respect to such matters, and sets at rest any doubts which may have existed on the subject. Had the rule'taken in this case been one upon appellee to show cause why he should not be punished for contempt of court for having violated the order for a suspensive appeal, coupled with a rule to have the mortgage erased as an incident to the rule for contempt, this court would have jurisdiction over the whole .subject. The matter of jurisdiction is not altered by the fact that no rule for contempt was asked for.
The exceptions taken to the jurisdiction of this court are overruled, and its jurisdiction is maintained. Let the rule issue as prayed for.
Rehearing denied February 2, 1903.
On Motion Directing the Recorder of Mortgages to Show Cause Why He Should not be Ordered to Erase and Cancel the Inscription of a Judgment.
(Feb. 16, 1903.)
BREAUX, J.
This court has not decided, as suggested by the appellee, that it has jurisdiction to try the merits of any question which might arise in the course of the controversy oh appeal; nor has it decided that *283 it would hear original evidence on the question oí its jurisdiction in every case on appeal.
The article of the Constitution (No. 85) has enlarged its jurisdiction, to the extent that it may be necessary to determine questions .of fact as relates to jurisdiction.
It remains, however, that, in any case pending before it in which there is a question of jurisdiction, it may pass upon questions of fact, as relates to jurisdiction, or it may-remand the case. It always had jurisdiction to remand a ease, to the end of determining questions of fact affecting its jurisdiction.
Under the article of the Constitution just cited, if the facts are before the court in such a shape as they may be at once considered, as relates to jurisdiction the court may without delay pass upon questions affecting its own jurisdiction, or it may remand the case, if it is considered that it is one which should be remanded, instead of taking up time to hear original evidence which presents issue that should first he brought up before the court of original jurisdiction.
Counsel for defendant in rule admits, as we read his brief, that it happens in this case that the question of jurisdiction can be tried without the necessity of taking testimony to prove a fact, but, as we said before, insists that this court is not vested with jurisdiction to try on its merits a matter of fact, not originally of record, in which the jurisdiction of the court is questioned.
We can only say in answer that the court is not deciding, and does not intend to decide, the question on the merits. It holds that the judgment suspensively appealed from cannot be executed pending the appeal; that after the appeal has been perfected the judgment is suspended, and, in consequence, the judgment creditor is without authority to record his mortgage.
While judicial mortgages may be inscribed, as heretofore, in the office of the recorder of mortgages, prior to the suspensive appeal, the effect of such inscription prior to such an appeal is left open for future consideration, should the question come before us.
An inscription of a judgment after a suspensive appeal his been taken and perfected trenches upon the suspensive appeal and the jurisdiction of this court, -which requires that everything in the case should remain in abeyance from the time the suspensive appeal has been taken.
The appeal in the case in hand was perfected in July, 1902. The inscription of the judgment was made on the 31st of October, 1902. The case was pending upon the suspensive appeal before this court when the inscription was made.
The inscription of judgment cannot stand. It must be canceled. It was inscribed in face of the fact that the appellee was secured, as to his claim, by a suspensive appeal bond.
The rule nisi which issued on the motion to cancel is therefore made peremptory.
It is ordered, adjudged, and decreed that Charles IT. Charlton, the defendant and appellee herein, and the recorder of mortgages, are ordered to erase and cancel the inscription of the judgment recorded in this case, as before mentioned.
The defendant Charles H. Charlton to pay costs.
Rehearing denied March 16,1903.

 6 South. 327.