(52 South. 547.)

No. 17,960.

CLUSEAU v. WAGNER.

GARVEY v. SAME.

(April 25 and May 9, 1910. On Application for Rehearing, June 6, 1910.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 492*)—INSCRIPTION OF JUDGMENT BEFORE SUSPENSIVE APPEAL—ERASURE.

A judgment debtor, who has appealed suspensively from the judgment, can compel the erasure of the judgment from the mortgage books, even though the inscription was made before the appeal was taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2281; Dec. Dig. § 492.*]

2. APPEAL AND ERROR (§ 492*)—RECORD OF JUDGMENT—ERASURE.

In a case appealable to this court, the court has power to order a defendant in rule and the recorder of mortgages to erase from the mortgage books a judgment which has been recorded under circumstances and facts stated in the opinion.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 492.*]

3. FACTS IN CASE.

Gallagher transferred to Bernhardt what purported to be a promissory note subscribed by Wagner and secured by special mortgage granted by him on certain property. The instrument so transferred with its accessory mortgage were forgeries throughout made by a forger to represent an actual note and mortgage which had been executed by Wagner. The holder of the genuine note and mortgage brought suit to enforce them. Bernhardt intervened, claiming to hold the original note with its mortgage, and called Gallagher in warranty to defend their genuineness. The trial court rendered judgment against Bernhardt adjudging the note and mortgage declared on by him to be forgeries, at the same time rendering judgment in favor of Bernhardt against Gallagher on his warranty as transferror of the note. Gallagher appealed from this judgment against him.

It appeared on the trial that, when the note held by Bernhardt matured, Wagner, not discovering the forgery, paid interest upon it and extended it for a year. Among other defenses, Gallagher claimed that by so doing Bernhardt lost all recourse against him. The judgment appealed from is affirmed.

4. BILLS AND NOTES (§§ 324, 326*)—SALE—WARRANTY.

He who sells a credit or an incorporeal right warrants its existence at the time of the transfer, though no warranty be mentioned. The action of Bernhardt in accepting interest at the date of the maturity of the instrument he held and extending the note for a year did not prejudice his right to recover judgment against Gallagher on his warranty. Gallagher had at no time held rights against Wagner as to which he was entitled to subrogation, nor held rights from the loss of which he should have been safeguarded.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 780–787; Dec. Dig. §§ 324, 326.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Consolidated actions by August Cluseau and by Wm. S. Garvey against W. S. Wagner, in which David Bernhardt intervened, calling Peter Gallagher in warranty. There was

judgment for intervener, and the warrantor appeals and applies for a rule upon the intervener and Recorder of Mortgages to show cause why the inscription of a judgment against warrantor should not be erased. Inscription ordered erased, and judgment modified and affirmed.

Geo. W. Flynn, for appellant Gallagher. Gilbert L. Dupre, Jr., for appellant Bernhardt. J. B. Rosser, Jr., for appellee Cluseau. Edw. P. Foley, for appellee Garvey. John P. Sullivan and Arthur Landry, for appellee Wagner.

BREAUX, C. J. This court, on warrantor's application, issued a rule directed to David Bernhardt and the recorder of mortgages for the parish of Orleans to show cause within a limited delay stated why they should not cancel and erase the inscription of a judgment rendered against mover Gallagher for $5,350, recorded in the office of the recorder of mortgages for the parish of Orleans, October 9, 1909.

Plaintiff in rule alleged that of the property of mover, which is subject to the judicial mortgage, there are four lots, which he describes in his motion, which he has sold, but which he cannot deliver because of the inscription rendered in favor of the intervener in the suit.

He alleged further that the bond covers in amount the judgment, interest, and costs, and that its solvency is not questioned; that the inscription of the judgment is not legal.

The defendants in rule admit that they have a judgment as alleged by plaintiff in rule. They further admit that they caused the judgment to be inscribed and recorded in the recorder's office before the 10 days for a suspensive appeal had elapsed. But they allege that the petition of Peter Gallagher for a suspensive appeal was not filed until October 15, 1909, and that the order of appeal was entered and the bond of appeal was accepted on that day, and these proceedings, although within the 10 days, were of a date subsequent to the inscription of the judgment.

The defendant in rule admits that this court has decided, in Charlton v. Charlton, 113 La. 282, 283, 36 South. 965, that the inscription of a mortgage after an order granting the suspensive appeal has been issued is premature.

But defendants in rule take the position that this court has never decided that a judicial mortgage recorded before the taking of a suspensive appeal will be erased where a suspensive appeal is taken and granted after the inscription of a judgment.

That plaintiff in rule not having taken the appeal forthwith, and having given no evidence of intention to take an appeal, defendants were justified in having their judgment inscribed.

In a separate return, the defendants in rule alleged that this court is without jurisdiction ratione materiæ.

### Opinion and Judgment.

We will take up the points urged in the order in which they are presented. First. Judgment inscribed within the 10 days before the suspensive appeal has been taken.

No question but that in the cited case— different from the case before us for decision —the judgment was inscribed after the suspensive appeal. Having been inscribed after, the point is somewhat different from what it is when inscribed before, the suspensive appeal has been taken.

The correctness of the cited decision in regard to when inscription of the appeal has been taken is not drawn in question.

It only remains for us to decide whether a judgment, having been inscribed before the 10 days allowed for the suspensive appeal, if taken after the suspensive appeal, should be canceled and erased.

We said in the cited case:

"Judicial mortgages may be inscribed, as heretofore, in the office of the recorder of mortgages prior to the suspensive appeal."

The effect of the inscription will be considered later.

We have considered the effect which should be given to the inscription of such a judgment.

If it be inscribed, and no suspensive appeal is taken, it should have effect from the date of inscription.

If it be inscribed, and thereafter a suspensive appeal is taken, and a valid and solvent bond is furnished, and all that is necessary has been done to secure a suspensive appeal, persons in interest can then have the inscription canceled and erased, at the cost of the judgment creditor at whose instance the judgment was recorded.

The next point urged by defendants in rule is that the court is without jurisdiction to order the cancellation.

The question is one which arises incidently with the appeal; it follows it and is inseparably connected with the issues on appeal.

This court may exercise jurisdiction in aid of its appellate jurisdiction. Inscribing the judgment is in the nature of an execution. When an attempt is made to execute a judgment before the court on appeal, if this attempt interferes with the appeal, this court may interfere to the extent that there is interference.

In a case appealable here, this court, after all has been done necessary to secure an appeal, has jurisdiction to order that no other security be required. In the decision cited supra, the question of jurisdiction was considered and overruled.

The plea to our jurisdiction is, therefore, overruled.

It is ordered, adjudged, and decreed that the defendants in rule and the recorder of mortgages are ordered to erase and cancel the inscription of the judgment recorded in this case, and that they pay the costs of cancellation and erasure.

It is further ordered, adjudged, and decreed that defendants in rule pay the costs of this rule.

NICHOLLS, J. The following statement of facts is taken from the brief of one of the parties, which is recognized as correct:

"On the 14th day of September, 1907, William S. Wagner, of this city, executed a note, subscribed and indorsed by himself, for $5,500, payable one year after date at the Teutonia Bank & Trust Company and bearing interest at the rate of 8 per cent. per annum from date until paid. This note was secured by special mortgage on certain real estate as per act before Robert J. Maloney, notary public, of date September 14, 1907, and was paraphed for identification therewith.

"On the 17th day of October, 1908, one August Cluseau, alleging that he was the holder and owner for valuable consideration and before maturity of this note, caused executory process to issue thereon. On the 1st day of December, 1908, one William S. Garvey, alleging that he was the holder and owner for valuable consideration and before maturity of this note, caused executory process to issue thereon.

"The former suit was allotted to division A, and the latter to division D. To these proceedings William S. Wagner filed an answer admitting that he had executed and subscribed one such note secured by mortgage as alleged and by act as alleged, but denying that either of the notes sued on was the note executed, subscribed, and indorsed by himself. He alleged that each of the notes and the signatures and indorsements thereon, were forgeries, and prayed for an injunction in each proceeding restraining execution. Injunctions were issued. Thereafter Wagner moved to consolidate the two suits, and they were consolidated in division A under the No. 87,981. At this stage of the proceedings, one David Bernhardt, alleging that he was the owner and holder for valuable consideration and before maturity of this note, filed a petition in the consolidated suit alleging that both the Garvey and Cluseau notes were forgeries; that he (David Bernhardt) had the valid and good note; and prayed that execution on the Cluseau and Garvey notes be enjoined. Injunction issued as prayed. Garvey and Cluseau answered. Each denied that the note of the other was valid, and each insisted that his was the valid and genuine note. Wagner filed an answer to each of the petitions denying the validity of each of the three notes. In other words, Wagner executed one mortgage note, Maloney forged two, thereby putting three notes in circulation. One was good, the remaining two were bad, and each of the three parties claimed the good note.

"David Bernhardt then filed a supplemental petition reiterating the allegations of the original petition and the further allegations that on June 9, 1908, he had purchased the note held and sued on by him from Peter Gallagher, a resident of this city, and that he had paid him therefor the sum of $5,823.25; that is, the face value of the note, $5,500, and the interest which had accrued up to the date of purchase. He averred that Peter Gallagher in selling this note warranted and guaranteed that the note or instrument and the signatures and indorsements thereon were genuine and valid; that he had a good title thereto; that the note was in all respects what it purported to be; that it was a genuine existing and valid obligation; and that therefore Peter Gallagher was responsible to him as warrantor. He reiterated his original prayer, and then prayed that Peter Gallagher be cited and called in warranty to appear and protect him, or to take such action as he might deem fit and proper to protect himself. He further prayed, in the event that his demand be rejected, that there be judgment in his favor and against Peter Gallagher as warrantor, in the sum of $5,823.85, the amount paid Peter Gallagher for the note, together with interest from judicial demand for costs of the proceedings, and for general and equitable relief.

"Peter Gallagher answered admitting that he was the owner of the note and that he had sold same to David Bernhardt as alleged, but denied that he was responsible as warrantor, or otherwise, for the return of the purchase price, for the reason that he had sold the note in good faith. He further answered that on September 7, 1908, when the note became due, David Bernhardt had agreed to an extension thereof, for one year without his (Peter Gallagher's) consent, and that for this reason he was relieved from any responsibility or liability to David Bernhardt for the return of the purchase price.

"The case was regularly tried, and evidence oral and documentary was taken as to the validity vel non of each of the three notes. Although the evidence seemed to favor the Cluseau note, yet it was unsatisfactory and not conclusive. As a result all persons concerned requested the court to appoint an expert to examine the notes and make a report thereon. The expert was appointed, examined the notes, and made a report. He accompanied and substantiated his report with photographs and other data. He reported the Cluseau note to be the valid note and declared the notes held by Bernhardt and Garvey to be forgeries. The report was so conclusive that all parties to the litigation tacitly accepted and acquiesced therein.

"David Bernhardt on the trial proved every allegation of his petition with reference to the purchase from Gallagher, and particularly that he had purchased his note from Peter Gallagher, that he had paid him therefor the sum alleged, and that he had purchased same before maturity and in good faith. No evidence was offered by Gallagher, though present in court in person and through counsel in rebuttal thereof.

"In accordance with the expert's report and the evidence produced, there was judgment decreeing the Cluseau note to be the valid note, decreeing the Garvey and Bernhardt notes to be forgeries, and decreeing in favor of Bernhardt and against Gallagher for $5,383.85, interest and costs, and decreeing that all other demands of all parties be dismissed.

"Peter Gallagher appealed from this judgment. David Bernhardt in this court answered the petition, praying that judgment in his favor be increased from $5,823.85. The only parties practically before this court are David Bernhardt and Peter Gallagher. The question of the validity of the three notes vel non is not really before the court. All parties to this litigation, though technically before the court, as a result of the Gallagher appeal, have and are tacitly acquiescing in the judgment of the lower court. Therefore there are only three questions for decision:

"First. Does the transferror of a negotiable instrument by delivery for valuable consideration and before maturity warrant the validity and genuineness thereof?

"Second. Had David Bernhardt, the transferee, committed any act which estops him from asserting this right?

"Third. Should the judgment be increased from $5,383.85 to $5,823.85?"

## Opinion.

The only appeal in this case is one by Peter Gallagher from the final judgment rendered therein in favor of David Bernhardt against himself. The only prayer for amendment of judgment is that made by David Bernhardt praying that the judgment rendered in his favor against Peter Gallagher be increased in amount. Gallagher, when called in warranty, asked for no relief other than that he should not be held liable on his warranty to Bernhardt for the precise reasons assigned by him. He cannot set up on appeal for the first time in his brief alone grounds for resisting his obligations in warranty which at the best are purely conjectural and are supported by no evidence. He asks for no judgment against Wagner and acquiesces in the correctness of the judgment in favor of Cluseau against Wagner. The liability in warranty of a vendor or assignor to his vendee or assignee is expressly recognized and grant-

ed by articles 2475, 2501, and 2505 of the Civil Code.

"He who sells a credit or an incorporeal right warrants its existence at the time of the transfer though no warranty be mentioned in the deed." Civ. Code, art. 2646.

See section 65, p. 157, Act No. 64 of 1904; Meyer v. Richards, 163 U. S. 385, 16 Sup. Ct. 1148, 41 L. Ed. 199 (the Burke La. Bond Litigation); Knight v. Lanfear, 7 Rob. 172; Corcoran v. Liddell, 7 La. Ann. 269; Pugh v. Moore, Hyams & Co., 44 La. Ann. 209, 10 South. 710; Jones v. Ryde, 5 Taunt. 488; Hecht v. Batcheller, 147 Mass. 335, 17 N. E. 651, 9 Am. St. Rep. 708; People's Bank v. Bogart, 81 N. Y. 101, 37 Am. Rep. 481; Barton v. Trent, 3 Head (Tenn.) 167; Lyons v. Miller, 6 Grat. (Va.) 427, 52 Am. Dec. 129; Griffert v. West, 37 Wis. 117; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec. 382; Wright v. First Crockery Ware Co., 1 N. H. 281, 8 Am. Dec. 68; U. S. v. National Exchange Bank of Boston (C. C.) 141 Fed. 209.

Appellant contends that by extending payment of the note for a year, and by receiving interest on the same, Bernhardt has estopped himself from recovering judgment against him on his warranty, as he thereby forfeited his rights.

We are not of that opinion. Bernhardt was justified in taking the course he pursued. He had every reason to believe himself to be the owner of a valid and legally existing mortgage note executed by Wagner. Gallagher warranted that such was the fact. On that assumption Bernhardt's course was not open to criticism, and, as counsel of Bernhardt correctly says, Gallagher received no damage or injury thereby. Had Bernhardt taken no action whatever in regard to the note, as he unquestionably had the right to do, the ultimate relations between himself and Gallagher would have been the same as they are at present. Gallagher, holding a piece of worthless paper creating no right ab initio in Gallagher and no obligations ab initio in Wagner, cannot legally claim by way of defense that, had Bernhardt insisted upon and received immediate payment of the note from Wagner, payment of that worthless piece of paper by Wagner, though made in error by him, would not have entitled him to have recovered back the amount of the payment so made from any one. If it be assumed, as it was authoritatively determined in the trial court, that the paper called a promissory note was an absolute nullity throughout, Wagner was not a party to it at any time. He was an utter stranger to it and not in privity with any one in respect to it. Wagner occupied a very different position in respect to that paper from what he would have held had he been in point of fact the maker of the note and had paid it under a forged indorsement. We have, besides, no reason to suppose that Wagner was prepared to pay, and could have paid, the note at maturity. We have every reason to suppose that he could not and would not have paid it at that time.

If so, the note would still be in the hands of Bernhardt, and the relations between him and Gallagher would be the same as if no extension had been granted.

There is in this case no inability by Bernhardt to subrogate Gallagher to original rights held by him against Wagner, for, under the circumstances disclosed, Gallagher never held rights to be subrogated to and none from the loss of which Bernhardt should have been safeguarded.

Appellee is entitled to the amendment he prays for.

For the reasons assigned herein, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby amended so as to increase the judgment in favor of the plaintiff and against the defendant from the sum of $5,383.85 to $5,-

823.85, and, as thus amended, the judgment appealed from is hereby affirmed.

PROVOSTY, J., takes no part, not having heard the argument.

## On Application for Rehearing.

MONROE, J. It is ordered that the decree heretofore handed down be so amended as to allow David Bernhardt, in his judgment against Peter Gallagher, the sum of $5,823, with legal interest thereon from June 9, 1908, until paid, subject to a credit of $440, as of date September 14, 1908, with like interest.

Rehearing refused.