McBRIDE, Judge.
Plaintiff obtained a moneyed judgment against both defendants, jointly and in solido, from which defendant Vincent J. Russo has perfected his suspensive appeal to this court; the transcript has been lodged here and the appeal is pending. Said appellant now appears before the court alleging that the judgment appealed from was inscribed in the Mortgage Office since he took the suspensive appeal and that the recordation as to him constitutes an execution of the judgment which has been legally suspended by the effect of the appeal, and he has ruled the plaintiff and the Recorder of Mortgages for this parish to show cause why the said inscription, insofar as it affects him, should not be ordered cancel-led and erased. The Recorder of Mortgages made no appearance nor did he file any pleadings; the plaintiff does not deny he caused the judgment to be inscribed in the Mortgage Records, but his position is *644 that the mover is not entitled to the relief sought because the rule discloses no cause of action, and he has filed a formal exception to that effect. The exceptor’s argument is that a rule is not the proper proceeding and that appellant’s remedy is to file a verified petition for a mandamus to cause the cancellation and erasure of the recorded judgment. There is no merit to the exception, and it is overruled.
The spreading of a judgment upon the Mortgage Records in the teeth of a sus-pensive appeal has no effect whatever and the court in which the appeal is pending is the proper forum to order the cancellation. Appellant may obtain such relief by rule.
In Daly v. Brock, 133 La. 752, 63 So. 318, 319, the Supreme Court said:
“ * * * The right of a defendant to have such an inscription canceled, and the jurisdiction of this court to order the cancellation, in a case here pending on appeal, have already been considered and maintained. Cluseau v. Wagner, 126 La. 375, 52 So. 547; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965.”
In the later case of Denny v. Jefferson Const. Co., Inc., 164 La. 775, 114 So. 650, 652, the Court said:
“Our conclusion is that a judgment recorded in the mortgage book, whether before or after a suspensive appeal has been perfected from such judgment, can have no effect as creating a judicial mortgage during the pendency of the suspensive appeal * *
See, also, David v. Roubion, 8 La.App. 689, decided by the First Circuit.
In each of the cases cited above, the Court considered the matter on a rule to show cause taken against the appellee and the recorder.
The rule is now made absolute, and the Recorder of Mortgages is directed to cancel the inscription of the judgment insofar as it affects or relates to appellant, Vincent J. Russo, from M.O.B. 1969 folio 2, and the plaintiff in the case is cast for the cost of the cancellation and also of this proceeding.
Rule made absolute.