PER CURIAM.
Plaintiff obtained a moneyed judgment herein, and on November 10, 1960, defendants, Caruso-Goll, Paul Caruso and Leonard Goll, took a suspensive appeal which is now pending in this court. It is conceded by all parties that the appeal was properly taken and perfected. On the same day the appeal was taken, plaintiff saw fit to record the judgment in the Mortgage Office for the Parish of Orleans.
Before us for determination is a rule taken by Caruso-Goll, Paul Caruso and Leonard Goll against the appellee and the *851 Recorder of Mortgages to show cause why the inscription of the judgment should not he cancelled and erased insofar as the movers in said rule are concerned.
The exception filed by plaintiff to the effect that this court lacks jurisdiction ratione materiae to entertain the rule is hereby overruled.
The spreading of a judgment on the mortgage records so as to create a judicial mortgage is a step in the prosecution of the judgment, and such recordation, whether made before or after a suspensive appeal is perfected by the party cast in the judgment, is ineffective as creating a judicial mortgage during the pendency of the appeal. The appellate court to which the appeal is taken has full power and authority to order the cancellation of such ineffective inscription. Denny v. Jefferson Const. Co., Inc., 164 La. 775, 114 So. 650; State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236; Cluseau v. Wagner, 126 La. 375, 52 So. 547; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965; Scurria v. Russo, La.App., 115 So.2d 643; David v. Roubion, 8 La.App. 689; Daly v. Brock, 133 La. 752, 63 So. 318. In the case lastly mentioned the Supreme Court in its syllabus said:
“Where pending the delay for a sus-pensive appeal a judgment, appealable to this court, is inscribed in the mortgage office, and the party cast thereafter appeals, the questions of his right to have the inscription canceled and of the jurisdiction of this court to order the cancellation are no longer open.”
Therefore, it is ordered, adjudged and decreed that the rule is now made absolute, and the Recorder of Mortgages for the Parish of Orleans is directed to cancel the inscription of the judgment insofar as it affects or relates to the appellants, Caruso-Goll, Paul Caruso and Leonard Goll, from M.O.B. 1981, folio 333, and the plaintiff in the case is cast for the cost of such cancellation and also of this proceeding.
Rule made absolute.