SARTAIN, Judge.
Respondents on May 13, 1968 obtained a judgment against relators in the 19th Judicial District Court for the sum of $16,194.36 with legal interest from judicial demand and for all costs, which judgment was recorded on the same day in Judicial Mortgage Book No. 69, folio 212 of the office of Honorable Perry M. Johnson, Clerk and Ex-officio Recorder of Mortgages for the Parish of East Baton Rouge. On May 24, 1968, relators applied for and were granted a suspensive appeal and duly filed bond in the amount of $26,000.00.
Relators are the developers of a new subdivision known as “East St. Gerard Place, First Filing” and contend in their motion that the inscription of the aforementioned mortgage prevents the completion of numerous contracts of sale as the judgment is an encumbrance on all of their properties.
Relators filed a rule in this court directed to respondents and the Clerk and Recorder of Mortgages of the Parish of East Baton Rouge to show cause why the mortgage inscription above mentioned should not be cancelled and erased.
The law is well settled that during the pendency of a suspensive appeal a *340 judgment debtor may by rule seek relief of this type from the appellate court. See Cluseau v. Wagner, 126 La. 375, 52 So. 547; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965; Daly v. Brock, 133 La. 752, 63 So. 318; Scurria v. Russo, La.App., 115 So.2d 643; and, Treigle v. Patrick, La.App., 131 So.2d 850.
Accordingly, for the above and foregoing reasons the rule previously issued herein is made absolute and Perry M. Johnson, Clerk and Ex-officio Recorder of Mortgages for the Parish of East Baton Rouge, Louisiana, be and he is hereby ordered and directed to cancel and erase the inscription resulting from judgment rendered in Suit No. 120,671 on the docket of the 19th Judicial District Court on May 13, 1968 and recorded on the same date in Judicial Mortgage Book No. 69, folio 212, in the mortgage records of the Parish of East Baton Rouge, Louisiana. Costs pertaining to this rule are to be borne by relators-appellants.
Rule made absolute.