AYRES, Judge.
By rule filed in this court, defendants, against whom monetary judgments had *856 been rendered, seek an order directing a cancellation of the inscription of those judgments on the mortgage records of Ouachita Parish, Louisiana, because of a suspensive appeal taken to and pending in this court.
There was judgment in this cause dated October 14, 1971, in favor of plaintiff and against defendants, in solido, for the principal sum of $7,500. This judgment, however, was corrected on October 15, 1971, as to the payment of interest. The original judgment was filed for record and recorded on the day of its date in Book 743, page 605, and the corrected, or amended, judgment on the day of its date in Book 743, page 650 of the aforesaid mortgage records.
On October 15, 1971, defendants applied for and were granted a suspensive appeal to this court. The appeal was perfected by the filing, on October 19, 1971, of an appropriate bond.
Defendants, in their petition for the aforesaid rule, assert that the judgments were improperly and prematurely filed for record and recorded; that such recordation was prejudicial and injurious to them in the conduct and operation of their business as realtors. The clerk of court, as well as plaintiff, was made a party respondent. In his answer, the clerk admitted the facts alleged in the petition, disavowed any interest in the outcome of this matter, and submitted the questions to the court for determination.
The D’Arbonne Sewerage, Inc., principal respondent, likewise substantially admitted all the relevant facts pertaining to this controversy and asserted that it made no request of the clerk of court to file or record the judgments, and disavowed any knowledge of the clerk’s refusal to cancel the judgments as allegedly requested by defendants. This respondent further contended that, if the judgments are canceled and erased, such should be limited to the period in which the suspensive appeal is pending.
The recordation of a judgment in the mortgage records is an act incident to or a step in its execution. Such act violates a suspensive appeal taken from the judgment. In Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965, 968 (1903), the court held that the inscription of a judgment on the mortgage records after an order granting a suspensive appeal had been issued could not stand and had to be canceled. It was likewise held in Cluseau v. Wagner, 126 La. 375, 52 So. 547, 548 (1910), that a judgment debtor who has appealed suspensively from the judgment can compel the erasure of the judgment from the mortgage books even though the inscription was made before the appeal was taken. In Denny v. Jefferson Const. Co., 164 La. 775, 782, 114 So. 650, 652 (1927), the court stated:
“Our conclusion is that a judgment recorded in the mortgage book, whether before or after a suspensive appeal has been perfected from such judgment, can have no effect as creating a judicial mortgage during the pendency of the suspensive appeal. * * * ” (Emphasis supplied.)
In Daly v. Brock, 133 La. 752, 63 So. 318, 319 (1913), the court, in citing Clauseau [sic] v. Wagner, supra, and Dannenmann & Charlton v. Charlton, supra, stated:
“ * * * The right of a defendant to have such an inscription canceled, and the jurisdiction of this court to order the cancellation, in a case here pending on appeal, have already been considered and maintained.”
The rulings in later cases are in accord with the aforesaid authorities. For instance, in Scurria v. Russo, 115 So.2d 643 (Ct.App., Orl.1959), it was held that the spreading of a moneyed judgment upon the mortgage records in violation of a suspen-sive appeal from such judgment had no effect whatever and that the court in which the appeal was pending was the proper forum to order its cancellation and erasure, and that a rule to show cause was proper *857 in seeking such relief. To the same effect is the ruling in Choctaw Home Builders, Inc. v. Lena, Inc., 213 So.2d 339 (La.App., 1st Cir. 1968), wherein it was stated that the law is well settled that during the pen-dency of a suspensive appeal a judgment debtor may by rule seek relief of this type from the appellate court.
As heretofore noted, the principal respondent suggests that, if cancellations of the judgments are ordered, such cancellations be limited only to the period pending the appeal. Presumably, it would contend that, if the judgments are affirmed on appeal, the recordation of the judgments be reinstated as if the effect of the recorda-tions was only suspended. We were cited no authority to support this position, and we know of none. If and whenever time is appropriate for the recordation of the judgments, plaintiff may at that time instruct and direct their filing and recordation.
Plaintiff, on realizing the judgments were improperly recorded, nevertheless permitted this rule to proceed to judgment, when a simple directive to the clerk would have dispensed with the necessity therefor. Hence, it should be cast for costs.
Accordingly, for the foregoing reasons, the rule issued herein is made absolute and the Hon. Bill C. Downey, clerk of court and ex-officio recorder in and for Ouachi-ta Parish, Louisiana, be and he is hereby ordered and directed to cancel and erase the inscriptions of the judgments rendered in the above-styled matter, bearing No. 87,-581 of the docket of the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, and recorded in Mortgage Book 743 at pages 605 and 650, respectively, of the aforesaid records.
The cost of this proceeding as well as the cost of the cancellations are assessed against plaintiff in suit and respondent herein, D’Arbonne Sewerage, Inc.
Rule made absolute.