455 So.2d 1195 (1984)
Luis ORTIZ and Alma Ortiz
v.
Frances J. DEMAREST, Jr., Recorder of Mortgages For the Parish of Orleans, State of Louisiana.
No. C-2707.
Court of Appeal of Louisiana, Fourth Circuit.
August 22, 1984.
Writ Denied, Stay Recalled September 19, 1984.
*1196 Darleen M. Jacobs, New Orleans, for respondents-defendants.
Mack E. Barham, Mary Anna Robinson, Robert E. Arceneaux, New Orleans, for relator-plaintiff.
Before GARRISON and BYRNES, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Eugene Barriffe, Jr., and Errol Ware filed suit[1] against Luis and Alma Ortiz for damages for invasion of privacy, trespass and negligence. On May 15, 1984, following trial of that matter, there was judgment in favor of the plaintiffs and against the defendants in the amount of $250,000.00 each. Defendants then filed timely motions for a new trial, for judgment notwithstanding the verdict and for remittitur, which motions were denied by the trial court on June 22, 1984.
Defendants then applied to this court for writs from the trial court's denial of their motions. On July 9, 1984, we granted a peremptory writ, vacated the June 22, 1984, judgment and remanded the case for a new hearing on defendants' motions for a new trial, judgment notwithstanding the verdict and remittitur. As of this date, the new hearing has not been held.
Notwithstanding the above, the plaintiffs had the judgment awarding them $250,000.00 against each of the defendants recorded and inscribed in the mortgage records for the Parish of Orleans on May 15, 1984, the same day that judgment was rendered.
On July 23, 1984, Luis and Alma Ortiz filed this mandamus suit against the Recorder of Mortgages for the Parish of Orleans seeking cancellation and erasure of the May 15, 1984 judgment from the mortgage records. Barriffe and Ware intervened. Following trial, the trial judge refused to make the writ of mandamus peremptory. Luis and Alma Ortiz have filed this application for writs from that judgment and Barriffe and Ware have responded.
Intervenors first contend that relators are entitled to have the inscription of the judgment removed from the mortgage records "only if and when they have filed a suspensive appeal." We do not agree.
We deal here with both statutory and jurisprudential law. A judgment creditor must await the lapse of the suspensive appeal delay before he may execute his judgment. Code of Civil Procedure Art. 2252 provides:
"A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed."
Our settled jurisprudence is that the recordation of a judgment in the mortgage records is a step in the execution of the judgment. State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236 (1921); Dupuy v. Demarest, 342 So.2d 263 (La.App. 4th Cir.), writ denied, 344 So.2d 3 (La.1977); D'Arbonne Sewerage, Inc. v. Sanders, 255 So.2d 855 (La.App.2d Cir.1971); Treigle v. Patrick, 131 So.2d 850 (La.App. 4th Cir. 1961).
Accordingly, under the plain wording of Code of Civil Procedure Art. 2252, the judgment creditors cannot "proceed with the execution" of their judgment until "after the delay for a suspensive appeal therefrom has elapsed;" and in this case the delay for taking a suspensive appeal has not yet even begun to run because the trial judge has not acted on relator's timely motion for a new trial. Code of Civil Procedure Article 2123(2) and (3) state:
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security *1197 therefor furnished, only within thirty days of:
* * * * * *
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
Finally, intervenors argue that the judgment complained of is appealable and, as no showing of irreparable harm has been made, supervisory relief is improper. Again we disagree.
Appeal, with its usual delays, does not afford relators an adequate remedy. Indeed, to require relators to proceed from the mandamus judgment only by appeal would effectively make meaningless the provisions of Code of Civil Procedure Art. 2252.
For the reasons assigned, the judgment complained of is reversed, the writ of mandamus is made peremptory, and Frances J. Demarest, Jr., Recorder of Mortgages for the Parish of Orleans, State of Louisiana is ordered and directed to cancel and erase from the records of his office that certain inscription and recordation of the judgment in the matter entitled "Eugene Barriffe, Jr. and Errol Ware v. Luis Ortiz and Alma Ortiz," No. 82-19655 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, which judgment is recorded in his records at M.O.B. 2454, Folio 227. Respondents are to pay all costs of these mandamus proceedings.
REVERSED.
NOTES
[1] Proceedings entitled "Eugene Barriffe, Jr. and Errol Ware", No. 82-19655 of the docket of the Civil District Court for the Parish of Orleans.