CALOGERO, Justice,
dissenting.
Although the majority decision seems to reach an equitable result, I do not believe that it correctly applies the law.
I find at least two problem areas in the majority opinion. First, at the foundation of the opinion is the unsupported conclusion that “recordation is an effect of a judgment.” Since La. Code Civ.Pro. art. 2123 provides that a suspensive appeal “suspends the effect or the execution of an appealable order or judgment,” and since the majority finds that recordation is an effect, they conclude that the recorded judgment is null and void during the pend-ency of a suspensive appeal. Thus, “a judgment creditor can secure the cancellation of the judgment after he has perfected a suspensive appeal.”
According to Webster’s New Collegiate Dictionary, an “effect” is “something that inevitably follows an antecedent.” The antecedent in this case is the judgment, but it is by no means inevitable that rec-ordation, a separate and distinct act of the successful attorney, follows. Instead, it seems more likely that “effect,” a term appearing for the first time in 1960 when the Code of Civil Procedure was enacted, was simply a restatement of the earlier Codes of Practice which provided instead that the suspensive appeal would stay “all further proceedings.” And, in fact, the Official Revision Comments to art. 2123 note that the principal change from the Code of Practice articles was simply to increase the delay period from 10 to 15 days. There was certainly no indication that the use of the word “effect” had a new significance beyond the “all further proceedings” language, which would encompass an already accomplished rec-ordation of the judgment.
Secondly, the majority opinion dismisses the apparent conflicts between their resolution of this matter and the La. Civ. Code art. 3323, 3324 and 3381, which deal specifically with the judicial mortgage. They point to a rule of law that “if two statutes are in conflict, the one more specifically directed to the matter at issue prevails as an exception to the statute that is more general in character.” The conflicting articles, however, deal with the judicial mortgage versus the suspensive appeal, not a general as opposed to specific statute on the same matter to which the cited rule of law would apply. In fact, the majority creates a conflict between the statutes which need not exist if the opposite result were reached on the legal issue before us.
Since I can not conclude that recordation is an effect of the judgment which is suspended during the pendency of a suspen-sive appeal, it is necessary to consider whether it is an execution of the judgment in order to determine whether a judicial mortgage may stand after a suspensive appeal has been perfected.
The judicial mortgage is defined in the Code Napoleon and in our Civil Code of 1808, and has remained basically unchanged since the Civil Code of 1825. See Comment, 34 Tul.L.Rev. 768 (1960); Comment, 35 La.L.Rev. 892 (1975). The relevant Civil Code provisions relating to the judicial mortgage are:
Art. 3321, La.Civ. Code Ann.
The judicial mortgage is that resulting from judgment ¡judgments] (whether these be rendered on contested cases or by default, or whether they be final or provisional), in favor of the person obtaining them.
Art. 3322, La.Civ. Code Ann.
*1208 The judicial mortgage takes effect from the day the judgment is recorded in the manner hereinafter directed.
Art. 3323, La.Civ. Code Ann.
If there be an appeal from the judgment and it is confirmed, the mortgage relates back to the day when the judgment was recorded.
Art. 3324, La.Civ. Code Ann.
When on the appeal the judgment has only been reversed in part, the mortgage still exists for that part which has not been altered or reversed.
Art. 3381, La.Civ. Code Ann.
When a person, who has obtained a judgment on which an appeal lies, has had it recorded, if this judgment is afterwards reversed or confirmed in part only, the party against whom the inscription had been made, may, on motion before the judge who rendered the judgment, after due notice to the other party, obtain an order for the erasure or reduction of the inscription, as the case may require; and if it be a case for erasure, it shall be made at the expense of the party making the inscription.
These articles provide that a judicial mortgage may be obtained on the basis of either a final or provisional judgment. Furthermore, the articles clearly contemplate the filing of a judicial mortgage before there is a definitive resolution of the controversy on appeal. See La.Civ. Code arts. 3323, 3324, and 3381. Otherwise, the article specifically permitting the mortgage to relate back to recordation after the judgment is confirmed on appeal would be meaningless. And, there is provision in the law for a partial erasure of the judicial mortgage after the appeal court has in part reversed the judgment.[1] On the basis of these articles, one could not rationally argue that the filing, or maintenance, of a judicial mortgage is prohibited in the event that an appeal, whether devolutive or sus-pensive, is perfected.
Artieles in the Code of Civil Procedure, however, have provided an arguable basis for concluding just that. La. Code Civ.Pro. Ann. art. 2123 defines a suspensive appeal as one that “suspends the effect or the execution of an appealable order or judgment,” and art. 2252, before its 1985 amendment, (effective 7/12/85), stated:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed.
Arguing that the recordation of the judgment in the mortgage records before the running of delays for taking a suspensive appeal, or during the pendency of such an appeal, is a premature step in the execution, parties situated like the appellee in this case have maintained that the judicial mortgage is null and void, and subject to cancellation should a suspensive appeal be lodged. They contend that the Civil Code articles regarding the judicial mortgage have application only with regard to devol-utive appeals, which as a matter of fact are not accompanied by an adequate bond or other security as a substitute for the judicial mortgage.
This position has found favor in a line of Supreme Court cases between 1903 and 1927 and was recently reaffirmed in the Fourth Circuit decision of Ortiz v. Demarest, 455 So.2d 1195 (La.App.4th Cir.1984), writ denied 457 So.2d 1 (La.1984). Despite this succession of consistent Louisiana Supreme Court decisions (1903-1927), there has been an ongoing debate as to whether the premise on which these cases were based is indeed correct; that is, whether or not the inscription of the judicial mortgage is a step in the execution of the judgment in violation of the Code of Civil Procedure articles regulating the effects of a suspen-sive appeal. For if it is not, there is not even an arguable basis for not respecting the substantive Civil Code articles creating the judicial mortgage and permitting its attaching upon recordation simply after *1209 judgment in the district court. Those who would argue that inscription of the judicial mortgage is not a step in the execution find support in a case which predates those already discussed, Chaffe v. Walker, 39 La.Ann. 35, 1 So. 290 (1887).
Although it is appropriate in our civilian jurisdiction to consider such precedents and to use them as a source of legal materials and legal reasoning in deciding litigation, “prior decisions do not ‘insulate’ (a judge) ... from going directly to the statute for its meaning.” A. Tate, Jr., Techniques of Judicial Interpretation in Louisiana, 22 La. L.Rev. 727, 744 (1962). “Theoretically, ... prior decisions, being merely interpretations of [the statutory basis of the law], may be disregarded whenever the present court is convinced that the precedents are erroneous, however numerous and however ancient or recent.” Id. at 746. And, this court has consistently held that reference to the positive or written law is the proper focus. As stated in DeBattista v. Argonaut-Southwest Insurance Co., 403 So.2d 26, 33 (La.1981) (citing Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331 (La.1978) and Garlington v. Kingsley, 289 So.2d 88 (La.1974)):
In a civilian jurisdiction such as ours, in which courts are bound to follow the positive law, case law should not supplant legislative or constitutional authority.
Therefore, in view of the conflicts in the decisional law, we deem it appropriate to base our holding on an interpretation of the statutory sources. We therefore examine the provisions specifically at issue, La.Civ. Code Ann. articles 3321, 3322, 3323, 3324, and 3381 and La. Code Civ.Pro.Ann. articles 2123, 2124, and 2252. It is important to note that the Civil Code was designed as a comprehensive, systematic and coherent enactment to regulate substantively most areas of private law. A. Tate, Jr., Techniques of Judicial Interpretation in Louisiana, supra. The Louisiana Code of Civil Procedure, on the other hand, was enacted to consolidate the procedural rules which are applicable to civil actions and proceedings. A provision of the Code of Civil Procedure, therefore, must be construed in light of the substantive provisions of the Civil Code.
Such an approach in this case mandates the conclusion that La. Code Civ.Pro.Ann. arts. 2123, 2124, and 2252 did not super-cede Civ. Code arts. 3321, 3322, 3323, 3324 and/or 3381, but rather were meant to facilitate the enforcement or execution of the legal rights established by these latter Civil Code articles.[2] The Civil Code establishes the right of a creditor to inscribe a trial court judgment, and thereby create a judicial mortgage which “may be enforced against all of the immovables which the debtor actually owns or may subsequently acquire.”[3] It provides that this mortgage is effective from the day it is recorded and that the recordation can take place before or during the pendency of an appeal, since the mortgage relates back to the date of recordation if the judgment is confirmed in *1210 whole or in part.[4] If the inscription of the judgment is found to be a step in its execution as contemplated by the provisions of the Code of Civil Procedure, then La. Code Civ.Pro.Ann. art. 2123, 2124, and 2252 appear to conflict with, rather than effect, the right to the judicial mortgage granted in the Civil Code. We conclude that the creation of a judicial mortgage is not a step in the execution of the judgment nor an effect as contemplated by the Code of Civil Procedure.
Furthermore, we note that our conclusion is in accord with a recent amendment to Code Civ.Pro.Ann. art. 2252, which clarifies this matter. 1985 La. Acts No. 523, effective 7/12/85, provides:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed; however, recordation of a judgment in the mortgage records prior to the lapsing of the delay for a suspensive appeal does not begin proceedings for the execution of the judgment.,[5]
Despite my position on the legal issue here I acknowledge the validity of the ap-pellee’s assertion that a judgment suspen-sively appealed is normally amply protected by the appeal bond alone, without need for an encumbering judicial mortgage.[6] Those earlier courts which ordered inscriptions cancelled once an appeal bond was posted must have recognized the hardship on an appealing litigant who was not victorious in the trial court. No matter the amount of the judgment or the solvency of the debtor, all of the debtor’s property might be effectively put out of commerce for the duration of the appeal once a judgment is recorded in the district court. Yet, the courts must refrain from imposing on the statutory scheme piecemeal reforms tailored to the specific facts and issues posed by the case under decision. To do so may serve only to cloak the need for legislative reform.
Our statutes allow the winner of a lawsuit in the district court to record his judgment as soon as it is rendered and thereby secure a judicial mortgage. No statutory authority permits cancellation of the resulting judicial mortgage when a suspensive appeal is taken. Furthermore the rationale supporting the contrary argument has been repudiated by a 1985 amendment to Code of Civil Procedure Article 2252, which now provides that the inscription of a judgment in the mortgage records shall not be considered a step in its execution. Our former decisions which have held otherwise, Dannenmann & Charlton v. Charlton, Cluseau v. Wagner, Daly v. Brock, State ex rel Macheca v. Dunn, and Denny v. Jefferson Construction Company, should be overruled.[7]
For the foregoing reasons I respectfully dissent.

. That an erasure of the judicial mortgage is permitted after the appeal court has fully reversed a judgment of the trial court is self-evident. Presumably that is why no specific article addresses that situation.

. The argument that the articles of the Code of Civil Procedure constitute the latest expression of the legislative will in this regard, effectively or impliedly repealing the codal articles relative to the judicial mortgage at least as a method of securing an obligation in the case of a suspen-sive appeal, becomes unpersuasive when we examine the origins of the suspensive appeal and the Code of Civil Procedure. Although the Code of Civil Procedure was enacted as recently as 1960, it was based upon prior Codes of Practice including that of 1825, the latter in turn founded in the 1667 French Code of Civil Procedure or Code Louis, and the Partida and Curia Filípi-ca of Spain. The 1825 Code of Practice allowed a suspensive appeal in article 575, which provided:
If the appeal have been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, it shall stay execution, and all further proceedings, until a definitive judgment be rendered on the appeal; provided the appellant give his obligation with a good and solvent security, residing within the jurisdiction of the court, in favor of the appellee, for a sum exceeding one half the amount for which the judgment was given, if the same be for a specific sum, as surety for the payment of the amount of such judgment, in case the same be affirmed by the court to which the appeal is taken.

. La.Civ. Code Ann. arts. 3321 and 3328.

. La.Civ. Code Ann. arts. 3322-24.

. The minutes of the Senate Committee on Judiciary A, where Act No. 523 originated, do not reveal what was intended by the amendment. It may well have been designed to protect attorneys from liability arising from "premature" recordation of judgments. Whatever the purpose of the act, the amending portion of La. Code Civ.Pro. Art. 2252 underscored above, is clear and unambiguous, and has significant bearing on the matter under consideration.

. On the other hand, the additional security of a judicial mortgage in the event of a suspensive appeal permits the judgment creditor to avoid testing in court the ability of the surety on the appeal bond to pay the judgment if affirmed. And, the judicial mortgage protects the surety who, if required to pay the creditor, is subrogat-ed to his mortgage rights against the debtor’s property.

.I would not find it necessary to overrule Ortiz v. Demarest, 455 So.2d 1195 (La.App.4th Cir. 1984), writ denied 457 So.2d 1 (La.1984). An opinion not by this Court but by the Fourth Circuit Court of Appeal, Ortiz is distinguishable from the case under consideration in that there was no final appealable judgment of the district court at the time of recordation. In fact, at the time that we denied the writ application, a request for new trial was pending. And, as in the cases which we now reverse, at the time we denied writs, the codal amendment, discussed more fully in the opinion, which provides that the inscription of a judgment in the mortgage records shall not be considered a step in its execution, had not been enacted.