BOWES, Judge.
Defendant Louis delaVergne appeals a judgment of the district court granting plaintiffs’ writ of mandamus, and ordering that a judicial mortgage in favor of defendant be cancelled.
Louis delaVergne (Louis) obtained a money judgment against Hugues J. (Hu-gues and Charles) and Charles E. delaV-ergne, in Civil District Court in New Orleans on June 22, 1986. One month later, Louis caused the judgment to be recorded in the mortgage records of Orleans, St. Tammany, and Jefferson Parishes. Subsequently, on September 2,1986, Hugues and Charles took a suspensive appeal from the judgment, and thereafter filed a petition of mandamus to cancel the judicial mortgage in Jefferson Parish. The petition was granted and the judicial mortgage was ordered to be cancelled.
Louis appeals, arguing that Louisiana Code of Civil Procedure, Art. 2252 is controlling, and that the district court erred in *285 granting judgment under that article. La. C.C.P. Art. 2252 states:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed; however, recordation of a judgment in the mortgage records prior to the lapsing of the delay for a suspensive appeal does not begin proceedings for the execution of the judgment.
We agree with appellant that the cited article gives a judgment creditor the right to record his judgment prior to the perfection of a suspensive appeal, and that the effect of perfection of such appeal upon a recorded judgment has not yet been resolved under Article 2252 as amended.[1]
It seems clear that recordation of a judgment prior to the lapse of the delay for a suspensive appeal is not prohibited by Article 2252. Under the old article, a judgment could not be recorded during the delay for suspensive appeal, even if no suspensive appeal was ever taken. See, e.g., Ortiz v. Demarest, 455 So.2d 1195 (La.App. 4 Cir. 1984), writ denied 457 So.2d 1 (La. 1984). There is no question that Louis had the procedural right to have his judgment translated into a judicial mortgage by virtue of recordation in the Clerk’s office. However, such determination is not disposi-tive of the issue as to whether Hugues and Charles, by perfecting a suspensive appeal, had the subsequent right to have such mortgage cancelled.
Under C.C.P. Art. 2252, as well as La. C.C. Arts. 3321, et seq., and C.C. Art. 3381,[2] it appears that a judgment creditor is entitled to maintain his recordation pending resolution of the appeal on the judgment. Remedies are provided in these articles for the judgment debtor to follow should his appeal be successful in whole or in part.
However, our Supreme Court has held that the recordation of a judgment is an “effect” of such judgment (as distinguished from a step in execution), and, as such, a recorded judgment is null and void during pendency of a suspensive appeal. In Goldking v. Primeaux, ill So.2d 76 (La.1985), the court held that even if rec-ordation did not constitute a step in the execution of the judgment, “it (the rec-ordation) would still be suspended because recordation is an effect of a judgment.”
We find that when the definition of a suspensive appeal was changed in I960,8 the legislature intended the added word “effect” to have a meaning independent from the word “execution.” While the 1985 amendment to article 2252 provides that recordation of a judgment is not an execution of it, the recordation still constitutes an effect of that judgment.9 Since the effect of the judgment is suspended during the pendency of a suspen-sive appeal, the recorded judgment is null and void during that period. A judgment creditor can secure the cancellation of the judgment after he has perfected a suspensive appeal. Goldking, supra.
*286 In order to resolve the apparent conflict between this holding and the previously cited Civil Code articles, the Court found:
This holding, however, may seem in conflict with La.Civ.Code arts. 3323, 3324 and 3381.10 These articles contemplate that a recorded judgment will remain on the mortgage records even after an appeal has been taken. The Civil Code provides for appeals in general; whereas, the Code of Civil Procedure provides specifically for suspensive appeals. This court repeatedly has held that if two statutes are in conflict, the one more specifically directed to the matter at issue prevails as an exception to the statute that is more general in character. La.Civ.Code arts. 17 and 18; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978). In determining the effect of a suspensive appeal on a judicial mortgage, the Code of Civil Procedure controls.11
Notwithstanding Justice Calagero’s eloquent and well-reasoned dissent at 478 So.2d 1207 (La.1985), we are bound under the jurisprudential law to hold that, under the majority opinion in Goldking, Hugues and Charles are entitled to obtain a writ of mandamus ordering the cancellation of the judicial mortgage once they perfected their suspensive appeal. Therefore, the trial judge, under the majority opinion in Goldk-ing, correctly granted the writ of mandamus ordering cancellation of the delaV-ergne mortgage.
The judgment of the trial court is affirmed for the foregoing reasons. Costs of the appeal are assessed against appellant.
AFFIRMED.

. CCP Art. 2252 previously read:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed.

. La. Civil Code Arts. 3321-24 read as follows:
Art. 3321. The judicial mortgage is that resulting from judgment [judgments] (whether these be rendered on contested cases or by default, or whether they be final or provisional), in favor of the person obtaining them.
Art. 3322. The Judicial Mortgage takes effect from the day the Judgment is recorded in the manner hereinafter directed. (As amended by Acts 1900, No. 78)
Art. 3323. If there be an appeal from the judgment and it is confirmed, the mortgage relates back to the day when the judgment was recorded.
Art. 3324. When on the appeal the judgment has only been reversed in part, the mortgage still exists for that part which has not been altered or reversed.
C.C. Art. 3381 states:
Art. 3381. When a person, who has obtained a judgment on which an appeal lies, has had it recorded, if this judgment is afterwards reversed or confirmed in part only, the party against whom the inscription had been made, may, on motion before the judge who rendered the judgment, after due notice to the other party, obtain an order for the erasure or reduction of the inscription, as the case may require; and if it be a case for erasure, it shall be made at the expense of the party making the inscription.